UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00167-MOC

| | | |
|---|---|---|
| **PAICOS RAYNARDO LUCAS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on Petitioner's Motion to Vacate, Correct, or Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (#1). Having considered Petitioner's motion and reviewed the pleadings, the court enters the following Order.

I.

On August 24, 2012, Petitioner was purportedly robbed of his cell phone while at a residence where he was attempting to buy drugs. (Factual Basis, #16, 3:13-cr-135, at 2). Shortly thereafter, Petitioner borrowed a firearm from his girlfriend, returned to the residence, and shot two women, while also taking a phone and some jewelry from the residence. (Id.) One of the women was shot once in the shoulder, the other was shot four times, and both identified Petitioner as the shooter. (Id.) Forensic testing showed that a spent projectile at the scene was discharged from the firearm that Petitioner borrowed from his girlfriend. (Id.) Because Petitioner had a prior felony murder conviction, he was prohibited from possessing a firearm. (Id.)

Petitioner was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a), and he pleaded guilty to the offense. (Entry and acceptance of plea, #17, 3:13-cr-135). As part of Petitioner's plea agreement, he and the government agreed to

recommend a base offense level of 14, pursuant to U.S.S.G. § 2A2.2, with a five-level increase for discharge of a firearm and a seven-level increase for causing permanent or life-threatening injury. (Plea agreement, #17, 3:13-cr-135, at 2). Because the two adjustments were limited to a ten-level increase under § 2A2.2(b), this resulted in an adjusted offense level of 24. (Id.) The parties also agreed to recommend a four-level upward variance to offense level 28. (Id.) The government granted that Petitioner's plea was timely entered, and after allowing for a three-level downward adjustment for acceptance of responsibility, the parties agreed that an appropriate sentence would be within the guideline range of 70-87 months of imprisonment and that neither party would seek a departure or variance from that range. (Id.) Petitioner also agreed to waive his right to challenge his conviction or sentence on direct appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5). As a result, Petitioner was sentenced within the terms of the plea agreement to 87 months of imprisonment and three years of supervised release. (Judgment, #25, 3:13-cr-135). Judgment was entered on May 30, 2014, and Lucas filed the instant motion in April 2015.

II.

Petitioner makes only one contention in his Motion to Vacate for the court to consider, which is a claim for ineffective assistance of counsel. See (#1).

III.

Petitioner argues for ineffective assistance of counsel based on his consultation with defense counsel concerning the terms and conditions of his plea arrangement at the pretrial stages. He argues that his counsel, while advising Petitioner of the government's offer, allowed Petitioner to enter into a plea deal which was not in his best interest and resulted in being sentenced to a four level enhancement, higher than his otherwise properly calculated guideline

2

range. However, though Petitioner claimed a memorandum in support was forthcoming, the court has not received one. His reply elaborates more on his claim, which is essentially that his lawyer never informed him that his base offense level would be 25 instead of 21. Petitioner alleges that had he known the range of imprisonment for his crimes would be 70-87 months of imprisonment instead of 46-57 months of imprisonment, he would have objected to the plea deal at his hearing.

In response, the government argues that the court should dismiss Petitioner's motion for three reasons. First, the government argues that Petitioner's motion fails to show deficient performance or prejudice with enough specificity, as Petitioner does not identify the basis on which he claims his sentence was improperly enhanced, state what his otherwise properly calculated guideline range would have been, or identify advice by counsel that was deficient. Second, the government argues that Petitioner fails to allege any prejudice from counsel's actions, neglecting to assert that but for counsel's actions or advice he would not have pleaded guilty to the offense. Such an oversight is fatal to a claim of ineffective assistance of counsel. See Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citations omitted) (where the court denied a similar motion because the petitioner failed to demonstrate prejudice from his counsel's actions); United States v. Terry, 366 F.3d 312, 315 (4th Cir. 2004) (where the court found that "since it is so clear that counsel's purported deficiencies did not prejudice [the petitioner], we need not analyze the sufficiency of counsel's performance as to these first two claims [of ineffective assistance of counsel] in detail"). Lastly, the government argues that Petitioner cannot show his plea was unknowingly or involuntarily made based on counsel's advice, as his sworn testimony at the plea hearing shows that he understood the nature of the charges and the terms of the agreement and that he was not relying on any promises outside of

the plea agreement or being forced to plead guilty. Further, the government notes that, despite overwhelming evidence against Petitioner, his counsel was able to negotiate a plea deal reducing the guidelines range of imprisonment from 97-120 months to 70-87 months. To the extent Petitioner complains over the four-level upward variance as part of his plea agreement, the government notes that said upward variance still left his offense level three levels below what would have been applied otherwise, consequently saving him months of jail time.

Here, the court finds the government's arguments compelling. While Petitioner claims he was not informed of the four-level increase from 21 to 25, the plea agreement Petitioner signed prior to his hearing clearly states that both parties agreed to that four-level increase, and said increase still left the offense level well below what Petitioner would have received absent the stipulations in his plea agreement. (Plea Agreement, #15, 3:13-cr-135, at 2). As a result, for these reasons and for those outlined in the government's response, the court finds Petitioner's argument without merit and will deny the instant motion.

IV.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller El v. Cockrell</u>, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Correct or Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (#1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**. The court declines issuance of a Certificate of Appealability for the reasons provided herein.

Signed: July 17, 2015

Max O. Cogburn Jr.
United States District Judge